# IN THE SUPREME COURT OF THE STATE OF NEVADA

JAMES LALL,
Appellant,
vs.
ISIDRO BACA, WARDEN,
Respondent.

No. 71245

**FILED**

OCT 3 0 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY. S. Young
DEPUTY CLERK

## ORDER VACATING AND REMANDING

This is a pro se appeal from a district court order dismissing a postconviction petition for a writ of habeas corpus. First Judicial District Court, Carson City; James E. Wilson, Judge.

Appellant James Lall argues that the credits he has earned pursuant to NRS 209.4465 must be applied to his parole eligibility as provided in NRS 209.4465(7)(b) (1997). In rejecting Lall's claim, the district court did not have the benefit of our recent decision in *Williams v. State*, 133 Nev., Adv. Op. 75, ___ P.3d ___ (2017).[1] There, we held that credits apply to parole eligibility as provided in NRS 209.4465(7)(b) (1997) where the offender was sentenced pursuant to a statute that requires a minimum term of not less than a set number of years but does not expressly mention parole eligibility. Lall is serving a sentence pursuant to such a statute for mayhem with the use of a deadly weapon committed on or between July 17,

---

[1]Having considered Lall's pro se brief and given our decision in *Williams*, we conclude that a response is not necessary. NRAP 46A(c). This appeal therefore has been submitted for decision based on the pro se brief and the record. *See* NRAP 34(f)(3).

17-37088

1997, and June 30, 2007.[2] *See* NRS 200.280 (setting forth sentencing range for mayhem). Consistent with *Williams*, the credits that Lall has earned pursuant to NRS 209.4465 should be applied to his parole eligibility on the sentence he is serving. The district court erred in ruling to the contrary.[3] We therefore

ORDER the judgment of the district court VACATED AND REMAND this matter for the district court to reconsider its decision in light of *Williams*.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

cc: Hon. James E. Wilson, District Judge
James Lall
Attorney General/Carson City
Carson City Clerk

---

[2]Lall is serving sentences for other offenses concurrently with the sentence for the mayhem conviction. The sentencing statutes for those offenses, NRS 200.481(2)(e) (battery with use of a deadly weapon); NRS 202.285(1) (discharging a firearm at or into a structure, vehicle, aircraft or watercraft), do not specify a minimum term that Lall must serve before he is eligible for parole. *See Williams*, 133 Nev., Adv. Op. 75 at 5-10.

[3]If Lall has already expired the sentence or appeared before the parole board on the sentence, then the court cannot grant any relief. *Williams*, 133 Nev., Adv. Op. 75 at 10 n.7. As such, the court cannot grant any relief as to Lall's sentences for home invasion and attempted murder with the use of a deadly weapon because he already discharged or was paroled on those sentences. It is unclear from the record whether Lall has appeared before the parole board on his current sentence. The district court may consider any evidence in that respect on remand.